UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COY COTHAM, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:20-cv-00470 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| BERT C. BOYD, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Coy Cotham, Jr., an inmate of the North East Correctional Facility in Mountain City, Tennessee, filed a pro se Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2012 convictions and sentence for first degree murder and especially aggravated robbery. (Doc. No. 25, "Petition"). The Respondent, Warden Bert C. Boyd, filed the state court record (Doc. Nos. 14-15) and an answer urging dismissal (Doc. No. 31), and Petitioner filed a reply (Doc. No. 32). The Petition is ripe for review, and the Court has jurisdiction pursuant to 28 U.S.C. § 2241(d). Having fully considered the record, the court finds that an evidentiary hearing is not needed, and the Petition may be resolved "as law and justice require." 28 U.S.C. § 2243; *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). For the following reasons, Petitioner is not entitled to habeas relief. The Petition will be denied.

**I. PROCEDURAL HISTORY**

On September 21, 2010, Petitioner was indicted in Davidson County, Tennessee, for especially aggravated burglary and first-degree murder. (Doc. No. 15-1 at 3-5); *State v. Cotham*, No. M2012-01150-CCA-R3-CD, 2014 WL 3778613, at *1 (Tenn. Crim. App. July 31, 2014), *perm. appeal denied*, (Tenn. Jan. 15, 2015), *cert. denied sub nom.*, *Cotham v. Tennessee*, No. 15-

5547, 2015 WL 4658678 (2015). After a hearing, the trial court denied Petitioner's motions to suppress evidence obtained through several search warrants. *Id*. at *1-2; *see also* Doc. Nos. 14-2 at 19-45; 14-3 at 52-58. Petitioner proceeded to trial, and the jury found him guilty on both counts. *Cotham*, 2014 WL 3778613, at *1; *see also* Doc. Nos. 14-3 at 68; 14-21 to 14-25. On February 17, 2012, Petitioner was sentenced to consecutive terms of 25 years (for especially aggravated burglary) and life imprisonment without parole (for first-degree murder), each to be served at 100 percent. (Doc. No. 14-3 at 71, 85.) The trial court denied Petitioner's motion for a new trial. (Doc. No. 14-3 at 72-78; 86-88.)

Petitioner appealed, contending that the trial court erred by: (1) denying his motion to suppress evidence seized pursuant to search warrants; (2) denying his motion to suppress wi-fi evidence; (3) denying his motion to recuse the trial judge; (4) concluding that the evidence was sufficient to sustain the convictions; (5) allowing evidence of statements to the police by the victim's husband; (6) allowing evidence of threats made by Petitioner; (7) allowing proof as to Petitioner's affidavit of indigency; (8) instructing the jury regarding parole; and (9) setting Petitioner's consecutive sentences. (Doc. No. 14-35); *Cotham*, 2014 WL 3778613, at *1. The Tennessee Court of Criminal Appeals ("TCCA") affirmed on all grounds, noting that "[t]he record abundantly supports the determination of the trial court that the defendant . . . is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high." *Cotham*, 2014 WL 3778613 at *36. On January 15, 2015, the Tennessee Supreme Court denied discretionary review. (Doc. No. 14-47.)

On May 31, 2015, Petitioner filed a pro se petition for state post-conviction relief. (Doc. No. 15-1 at 55-72). The post-conviction court appointed counsel, and counsel filed an amended

petition. (Doc. No. 15-1 at 85-97.) The amended petition contended that the trial counsel erred in twenty different ways, that there was prosecutorial misconduct, and that there was judicial misconduct. *Id*. On September 18, 2017, after holding an evidentiary hearing (Doc. Nos. 15-3 to 15-18), the state post-conviction court denied relief. (Doc. No. 15-2 at 3-58.) On appeal to the TCCA, Petitioner asserted four errors: (1) the post-conviction court erred when it refused to hear Petitioner's motion to remove counsel; (2) the post-conviction court erred by refusing the grant a continuance of the evidentiary hearing; (3) trial counsel was ineffective because he failed to subject the prosecution's case to meaningful adversarial testing; and (4) post-conviction counsel was ineffective for failing to properly present ineffective assistance of counsel claims to the post-conviction court. (Doc. No. 15-19 at 8.) On July 22, 2019, the TCCA affirmed. *Cotham v. State*, No. M2017-02031-CCA-R3-PC, 2019 WL 3281195, at *1 (Tenn. Crim. App. July 22, 2019), *perm. appeal denied*, (Tenn. Dec. 4, 2019). On December 4, 2019, the Tennessee Supreme Court denied discretionary review. (Doc. No. 15-25.) On June 4, 2020, Petitioner timely submitted a federal habeas corpus petition. (Doc. No. 1.) On January 4, 2021, Petitioner filed an Amended Petition. (Doc. No. 25.)

## II. STANDARD OF REVIEW

1. <u>Standards for Habeas Relief, Generally</u>

A federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Cassano v. Shoop*, 1 F.4th 458, 465 (6th Cir. 2021) (citing *Woodford v. Garceau*, 538 U.S. 202, 210 (2003)). AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford*, 538 U.S. at 206 (internal citations and quotation marks omitted). It "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal

justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring)). Under AEDPA, "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system," *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003), and state courts are considered "adequate forums for the vindication of federal rights." *Burt v. Titlow*, 571 U.S. 12, 19 (2013); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) (explaining that AEDPA "demands that state-court decisions be given the benefit of the doubt") (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citations omitted); 28 U.S.C. § 2254(a). AEDPA further restricts federal courts from providing relief on habeas claims that were previously "adjudicated on the merits" in the state courts unless the state-court adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Cassano*, 1 F.4th at 466 (quoting 28 U.S.C. § 2254(d)); *Harrington*, 562 U.S. at 100.

"Under the 'contrary to' clause, a federal habeas court may grant the writ 'if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Lang v. Bobby*, 889 F.3d 803, 810 (6th Cir. 2018) (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the

Supreme Court's decisions but unreasonably applies the law or bases its decision on an unreasonable determination of the facts, in light of the record before the state court." *Id*. (citing *Harrington*, 562 U.S. at 100; *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). An incorrect or erroneous application of clearly established federal law is not the same as an unreasonable one; "relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *Carter v. Mitchell*, 829 F.3d 455, 468 (6th Cir. 2016) (quoting *White v. Woodall*, 572 U.S. 415, 427 (2014)); *Harrington*, 562 U.S. at 103. Likewise, a state court decision involves an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record." *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007) (quoting 28 U.S.C. § 2254(e)(1)); *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir. 2010) (citing *Miller-El*, 537 U.S. at 340).

2. <u>Exhaustion and Procedural Default</u>

Before a federal court may review the merits of a Section 2254 habeas claim, the petitioner must have "exhausted the remedies available in the courts of the State" 28 U.S.C. § 2254(b)(1)(A); *Harrington*, 562 U.S. at 103. To properly exhaust a claim, a petitioner must "fairly present[ ]" it through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (quoting *Picard v. Connor*, 404 U.S. 270, 277 (1971)) (explaining that a habeas petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal

Appeals ("TCCA"). *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39). For each claim, a petitioner must then present to a federal court essentially the same facts and legal theory that were considered and rejected by the state courts. *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002) (citing *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). The burden is on a petitioner to demonstrate compliance with the exhaustion requirement for each claim or that the available state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion requirement works together with the procedural-default doctrine, which generally bars federal habeas review of claims that were procedurally defaulted in the state courts. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan*, 526 U.S. at 848. A petitioner procedurally defaults a claim when he fails to properly exhaust available remedies and can no longer do so because state procedural rules have closed off any avenue for state court review on the merits. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015) (citing *Jones v. Bagley*, 696 F.3d 475, 483–84 (6th Cir. 2012)). Procedural default also occurs where the state court "actually . . . relied on [a state] procedural bar as an independent basis for its disposition" of a claim. *Cadwell v. Mississippi*, 472 U.S. 320, 327 (1985).

To overcome a procedural default on a claim, a petitioner must show what the Court below will call "default-cause," i.e., "good cause for the default and actual prejudice from the claimed error." *Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019) (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)); *Sutton v. Carpenter*, 745 F.3d 787, 790 (6th Cir. 2014) (citing *Coleman*, 501 U.S. at 754). A petitioner must establish default-cause by "show[ing] that some objective factor external to the defense"—i.e., a factor that "cannot be fairly attributed to" the petitioner—"impeded counsel's efforts to comply with the State's procedural rule." *Davila*, 137 S. Ct. at 2065 (citations omitted). A factor is "external to the defense" if it "cannot fairly be attributed to" the

prisoner. *Id*. For example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by officials' . . . made compliance impracticable, would constitute [default-]cause under this standard." *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488). Attorney error does not constitute default-cause unless it amounts to constitutionally ineffective assistance of counsel. *Edwards*, 529 U.S. at 451-52; *Benton*, 942 F.3d at 307-08. And importantly, a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used on federal habeas review to establish default-cause.[1] *Murray*, 477 U.S. at 489.

Ineffective assistance of *post-conviction* counsel may constitute default-cause under two circumstances. First, the complete abandonment (of the representation) by counsel during state post-conviction proceedings without notice to the petitioner may establish default-cause. *Maples v. Thomas*, 565 U.S. 266, 288-89 (2012). Second, ineffective assistance of post-conviction counsel may establish default-cause regarding substantial claims of ineffective assistance of trial counsel (but not other kinds of claims). *Martinez v. Ryan*, 566 U.S. 1, 17 (2012); *Trevino v. Thaler*, 569 U.S. 413, 429 (2013); *see also Sutton*, 745 F.3d at 792 (holding that *Martinez* and *Trevino* apply in Tennessee).

If cause is established, a petitioner must also demonstrate actual prejudice. To do so, a petitioner must demonstrate that the constitutional error "worked to his *actual* and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (emphasis in original) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). This means that "a petitioner must show not merely that the errors at his trial created a *possibility* of prejudice, but that they worked

---

[1] If the ineffective-assistance claim is not presented to the state courts in the manner that state law requires, that claim is itself procedurally defaulted and can be used as cause for the underlying defaulted claim only if the petitioner demonstrates cause and prejudice with respect to the ineffective-assistance claim. *Edwards*, 529 U.S. at 452-53.

to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Garcia-Dorantes v. Warren*, 801 F.3d 584, 598 (6th Cir. 2015) (emphasis in original); *Frady*, 465 U.S. at 170. In the alternative, a court may bypass these requirements if a petitioner presents an "extraordinary case" whereby a constitutional violation "probably resulted" in the conviction of someone who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004); *Benton*, 942 F.3d at 307.

### III. ANALYSIS

Petitioner contends that: (1) trial counsel rendered ineffective assistance of counsel; (2) the trial court erred in denying the motion to suppress evidence gathered in connection with search warrant 406; (3) the trial court erred in denying the motion to suppress evidence gathered in connection with search warrants 508, 609, 512, and 513; and (4) the prosecutor engaged in misconduct by using perjured testimony at trial. (Doc. No. 25 at 7-12.) The Court applies the above legal standards to each of these claims.

1. <u>Claim One: Ineffective Assistance of Counsel</u>

Claim One asserts that trial counsel was ineffective by failing to (a) obtain video surveillance; (b) call an alibi witness; (c) effectively cross-examine prosecution witnesses, including with prior inconsistent statements; (d) call defense witnesses; and (e) object to prosecutorial misconduct. Sub-claims (a)-(d) are cursory and not supported by any meaningful argument. That is, although Petitioner enunciates an applicable legal standard, he offers no discussion other than the conclusory statement that "all representation(s) of [Petitioner] was unprofessional and non-existent to the point of being constitutionally deficient." *Id*. at 24. "Conclusory and perfunctory" claims of ineffective assistance of counsel "are insufficient to overcome the presumption of reasonable professional assistance and are insufficient to warrant

habeas relief." *Avery v. Genovese*, No. 3:17-cv-255, 2020 WL 107100, at *6 (M.D. Tenn. Jan. 9, 2020) (quoting *Wogenstahl v. Mitchell*, 668 F.3d 307, 335-36, 338 (6th Cir. 2012)); *see also Jones v. Michigan*, No. 13-cv-11543, 2013 WL 3243017, at *2 (E.D. Mich. June 26, 2013) ("Conclusory allegations do not provide a basis for habeas relief.") (citing *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998)); *Taylor v. Culliver*, No. 4:09-cv-251, 2012 WL 4479151, at *78 n.94 (N.D. Ala. Sept. 26, 2012) (denying relief on claims that contained only "bare citations to" the Constitution and "no support for his argument that the state court decision" ran afoul of § 2254(d)(1)), *aff'd*, 638 F. App'x 809 (11th Cir. 2015); Habeas Rule 2(c)(2) (requiring a petitioner to state the "facts supporting each ground" for relief). Petitioner is therefore not entitled to relief on these claims.

Sub-claim 5 is presented with some supporting argument. That is, Petitioner contends that trial counsel failed to object when the prosecutor referred to him during closing arguments as a "convicted felon" despite the trial court's prohibition of such references. This claim was presented to the TCCA (albeit in a cursory manner). (Doc. No. 15-19 at 26.) The TCCA's opinion does not contain any analysis of the claim.

The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, guarantees a person accused of a crime the right of the effective assistance of counsel. To succeed on a claim of constitutionally ineffective assistance of counsel, a petitioner "must show both deficient performance by counsel and prejudice." *Premo v. Moore*, 562 U.S. 115, 121 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009) and citing *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984)). Trial counsel's performance is constitutionally deficient when it falls below an objective standard of reasonableness measured by prevailing professional norms. *Strickland*, 466 U.S. at 686-87; *Richardson v. Palmer*, 941 F.3d

838, 856 (6th Cir. 2019). When evaluating performance, a court must be "highly deferential," consider the totality of evidence, and apply a "strong presumption" that trial counsel's conduct falls within a "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 695; *Harrington v. Richter*, 562 U.S. 86, 104 (2011). The prejudice element requires a petitioner to show that there is a "reasonable probability" that the result of the trial would have been different but for counsel's unprofessional errors. *Premo*, 562 U.S. at 122 (citing *Harrington*, 562 U.S. at 104-05); *Strickland*, 466 U.S. at 694.

Applying this standard here, Petitioner has not demonstrated deficient performance. The record reflects that trial counsel acted reasonably by forgoing an objection because the prosecutor's comments did not amount to misconduct. Petitioner does not identify anything in the record that precluded reference to Petitioner's felony conviction for criminal impersonation to attack his credibility. To the contrary, the record reflects that: (1) Petitioner was given notice that his prior conviction may be used for impeachment purposes (Doc. No. 14-2 at 119); (2) the Court held a hearing, applied the Tennessee rules of evidence, and determined that Petitioner's prior conviction was admissible for purposes of impeachment (Doc. Nos. 14-24 at 170-172 (reflecting trial judge's conclusion that "it is a crime of dishonesty, which would go clearly to credibility"); 14-25 at 52 (reiterating that the jury can consider the prior conviction only "for its effect on [ ] credibility")); (3) the prosecutor on cross-examination impeached Petitioner with the prior felony conviction, the existence of which Petitioner admitted (Doc. No. 14-25 at 16-17); (4) the trial judge provided a limiting instruction, *see id.*; and (5) during closing argument, the prosecutor remarked on the evidence in connection with the Petitioner's credibility vis a vis that of other witnesses accused of lying by the defense. (*See* Doc. No. 14-25 at 110 (reflecting the prosecutor's observations that the defense contended "all of [Petitioner's] friends lied on him, all of them" and that "[Petitioner is]

the only convicted felon that testified in the trial.")).[2] Given that the evidence was carefully admitted and that Petitioner's defense "invited a reply from the government," Petitioner has not established that the prosecutor's comments were improper, *United States v. Wall*, 130 F.3d 739, 745 (6th Cir. 1997); *see also Bedford v. Collins*, 567 F.3d 225, 233 (6th Cir. 2009) (prosecution has "wide latitude during closing argument to respond to the defense's strategies, evidence, and arguments."), or that they rendered the trial "fundamentally unfair." Thus, trial counsel's choice not to object fell within the wide range of acceptable professional assistance. Plaintiff is not entitled to relief on sub-claim 5.

2. <u>Claims Two and Three: Motions to Suppress</u>

Claim Two and Claim Three assert that the trial court erroneously denied Petitioner's motions to suppress the fruits of certain search warrants. But like other claims discussed above, these are "conclusory and perfunctory" claims that are devoid of explanation or argument and thus are subject to dismissal. And claims of this kind are not cognizable on federal habeas review anyway. "A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim." *Glover v. Curtin*, No. CIV. 2:09-cv-11216, 2009 WL 1505744, at *2 (E.D. Mich. May 27, 2009) (citing *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000)). For such an opportunity to have existed, the state must have provided a mechanism by which Petitioner could have raised these claims, and the presentation thereof must

---

[2] The prosecutor's phrasing was inartful because he failed to specify that Petitioner's credibility was impaired by his felony conviction for criminal impersonation and not because he is, generally, a "felon." Looking at the bigger picture, however, this error was not overly prejudicial to Petitioner. The trial court limited the admission of Petitioner's prior criminal history to the criminal-impersonation conviction, and evidence of that specific conviction had been recently introduced during Petitioner's testimony. Therefore, it is unlikely that the jury would have had another felony conviction in mind or would have failed to understand that this one (criminal-impersonation) conviction (which made Petitioner a "convicted felon") properly bore solely on Petitioner's credibility as a witness.

not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). This inquiry focuses on whether there is "an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013) (citing *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc) ("[A] Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure."). Therefore, "a federal court cannot re-examine a petitioner's Fourth Amendment claim that evidence should have been suppressed . . . where the state provided an opportunity for full and fair litigation of the habeas petitioner's Fourth Amendment claim prior to trial." *Glover*, 2009 WL 1505744, at *2 (collecting cases).

That is precisely what happened here. Petitioner's Fourth Amendment claims were the subject of multiple evidentiary hearings where the facts were fully developed. (Doc. Nos. 14-6, 14-7, 14-9, 14-10, 14-12.) Following the trial court's denial of his motions to suppress, Petitioner had the opportunity to present his Fourth Amendment claims to the TCCA.[3] *See Jennings v. Rees*, 800 F.2d 72, 76 (6th Cir. 1986) (affirming denial of habeas relief where the "record of the suppression hearing . . . establishe[d] beyond question that [the petitioner] was provided an opportunity for full and fair litigation of his Fourth Amendment claim"); *Carter v. Slatery*, No. 3:20-cv-00483, 2023 WL 5600063, at *7 (M.D. Tenn. Aug. 29, 2023). (finding Fourth Amendment claim non-cognizable because "the state courts permitted Petitioner to litigate the motions to suppress," the trial court held hearings and issued orders denying the motions, and the petitioner could raise the denial of the motions on appeal). Regardless of Petitioner's disagreement with the

---

[3] Petitioner does not contend otherwise.

outcome below, the state courts provided an adequate avenue for litigation of the motions to suppress. That removes Claim Two and Claim Three from the category of reviewable habeas claims. Petitioner will therefore be denied relief on these claims.

3. Claim Four: Prosecutorial Misconduct

Claim Four asserts that the prosecutor committed misconduct by presenting "perjured testimony" during the trial.[4] Petitioner raised such a prosecutorial misconduct claim on post-conviction appeal, and the TCCA ruled that Petitioner had waived the claim by not raising it on direct appeal. *Cotham*, 2019 WL 3281195, at *10. "A claim rejected by the state court is procedurally defaulted before the federal court where 'there is a state procedural rule that is applicable to the petitioner's claim and . . . the petitioner failed to comply with the rule[,] . . . the state courts actually enforced the state procedural sanction[,] . . . [and] the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." *McNeill v. Bagley*, 10 F.4th 588, 595 (6th Cir. 2021) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Tennessee's waiver rule is "an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." *Hutchison v. Bell*, 303 F.3d 720, 738 (6th Cir. 2002) ("This Court has [ ] determined that Tennessee's waiver rule, [Tenn. Code Ann.] § 40-30-106(g), which provides that claims not raised in a prior proceeding are barred, constitutes an adequate and independent state-law rule precluding habeas relief.") (citations omitted); *Carter v. Tennessee*, No. M2018-00061-CCA-R3-PC, 2019 WL 1110308, at *8-9 (Tenn. Ct. Crim. App. March 11, 2019) (citing Tenn. Code Ann. § 40-30-106(g) to find, on post-conviction appeal, waiver of pre-trial error and

---

[4] "The knowing use of perjured testimony, including the failure to correct false testimony, constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Foley v. Parker*, 488 F.3d 377, 391-92 (6th Cir. 2007) (citing *Napue v. Illinois*, 360 U.S. 264, 272 (1959)); *Davis v. Larson*, 769 F. App'x 233, 236-37 (6th Cir. 2019).

prosecutorial misconduct claims that were not presented "as a ground for relief on direct appeal"); *see also Coleman*, 501 U.S., at 731-732 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance.").

Claim 4 therefore is procedurally defaulted, and Petitioner has failed to show default-cause as required to prevent operation of the general rule preventing federal habeas review of procedurally defaulted claims.[5] *See Davila*, 582 U.S. at 527(citing *Beard v. Kindler*, 558 U.S. 53, 55 (2009) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule.")); *Sheffield v. Burt*, 731 F. App'x 438, 441 (6th Cir. 2018) (citations omitted) ("[W]here a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the procedural default issue."). Notably, Petitioner's invocation of "actual innocence" does not excuse the procedural default, because he does not meet the "extraordinarily high standard of review" associated with actual innocence claims. *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (internal quotations omitted). "Without any *new* evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice[.]" *Schlup*, 513 U.S. at 316 (emphasis added). Here, the relevant telephone-call evidence was known to Petitioner and trial counsel during trial, and trial counsel testified about its minimal evidentiary value at the post-conviction evidentiary hearing. *See Cotham*, 2019 WL 3281195, at *5. In any event, trial counsel—acting within the wide range of

---

[5] Petitioner's invocation of *Martinez v. Ryan* to excuse the default is misplaced, because the holding in that case applies only to claims of ineffective assistance of counsel.

competent representation—concluded that the evidence at issue "would not have reflected on Petitioner's guilt or innocence." *Cotham*, 2019 WL 3281195, at *5. Because Petitioner has not demonstrated otherwise, he has not shown that admission of the evidence undermined "confidence in the outcome of the trial." *Schlup*, 513 U.S. at 316. Petitioner is, therefore, not entitled to relief on Claim Four.

## IV. CONCLUSION

For the reasons set forth herein, Petitioner is not entitled to relief on his habeas claims. Accordingly, the Amended Petition under Section 2254 will be denied, and this action will be dismissed with prejudice. Because jurists of reason could not disagree with the Court's resolution of Petitioner's claims, the Court will deny a certificate of appealability.

An appropriate order will enter.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE